IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES LEROY MUMMERT, JR.,** | : | Civil No. 1:18-cv-00856-SHR |
| **Plaintiff,** | : | |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Plaintiff James Leroy Mummert, Jr. ("Plaintiff") brings this negligence action against the United States of America ("the Government" of "Defendant") pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §1346(b)(1). Before the court is Defendant's motion to transfer venue under 28 U.S.C. § 1404(a). (Doc. 10.) For the reasons set forth herein, the court will deny Defendant's motion.

## **I. Background**

On June 26, 2015, Plaintiff, a resident of Pennsylvania, traveled to Maryland to seek medical treatment at Baltimore Veterans Administration Medical Center ("Baltimore VAMC"). (Doc. 1, pp. 2 & 4 of 12.) While at Baltimore VAMC, Plaintiff allegedly presented to physicians with a host of maladies including numbness in his upper body and lower extremities. (*Id.* at 3 of 12.) Over the course of that day, Plaintiff was seen by various physicians, but alleges that a crucial MRI was not administered within the first twenty-four hours of seeking treatment, which

further delayed identification and treatment of what was later found to be a spinal cord lesion. (*Id.* at 5-7 of 12.) Between the time Plaintiff arrived at Baltimore VAMC and when the MRI was administered, at University of Maryland School of Medicine Medical Center ("UMMS"), Plaintiff's condition worsened and continued to worsen thereafter. (*Id.* at 5-8 of 12.) Plaintiff alleges that, due to the delay in the administration of the MRI and a failure to adequately address Plaintiff's symptoms, Defendant negligently caused his permanent paraplegia and associated medical and quality of life issues. (*Id.* at 8 of 12.)

Subsequent to sustaining the alleged injuries, Plaintiff filed this suit in the Middle District of Pennsylvania where he resides. (Doc. 1.) Defendant then motioned the court to transfer venue to the District of Maryland, where Defendant asserts most witnesses reside and where most of the events pertaining to the suit occurred. (Doc. 10.)

## II. <u>Legal Standard</u>

A court may transfer venue, pursuant to 28 U.S.C. § 1404(a), to any other district court where the civil action might have been brought if it serves the interests of justice and the convenience of the parties. "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-*

*585*, 364 U.S. 19, 26-27 (1960). Although a court is given the ultimate discretion in transferring venue, the exercise of this discretion, in granting transfer, should not be doled out liberally. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citing *Handlos v. Litton Indus., Inc.*, 304 F. Supp. 347, 352 (E.D. Wis. 1969)).

After determining the propriety of the proposed venue, the court must then balance a variety of public and private interests, either weighing for or against transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp 2d 487, 492 (M.D. Pa. 2005) (Rambo, J.). In *Jumara v. State Farm Insurance Co.*, the Third Circuit Court of Appeals identified the most commonly considered factors when deciding a motion to transfer venue. The pertinent private interest factors are: (1) plaintiff's original choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties—indicated by their relative physical and financial condition; (5) the convenience of the witnesses—to the extent that the they may actually be unavailable for trial in either fora; and (6) the location of books and records—to the extent they cannot be produced in the proposed forum. *Jumara*, 55 F.3d at 879 (internal citations omitted). The pertinent public interest factors are: (1) the enforceability of the judgement; (2) practical considerations that could make the trial easy, expeditious, and inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local

controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with applicable state law in diversity cases. *Id*. at 879-80.

When weighing the public and private interests, the burden is on the movant to convince the court that transfer is appropriate. *Shutte*, 431 F.2d at 25. Significantly, "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Id*. (quoting *Owatonna Mfg. Co. v. Melroe Co.*, 301 F. Supp. 1296, 1307 (D. Minn. 1969)) (emphasis supplied). Thus, a court should not grant a motion to transfer venue "if the net result would be merely a shift of inconvenience from the defendant to the plaintiff." *Bolles v. K Mart Corp.*, No. 01-cv-1118, 2001 U.S. Dist. LEXIS 9301, *9 (E.D. Pa. July 9, 2001) (quoting *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 112 (D. Del. 1992)).

### III. Discussion

#### A. Proposed Venue

The threshold matter, when deciding a motion to transfer venue, is whether the action could have been brought in the defendant's choice of venue. 28 U.S.C. § 1404(a). The Government requests that venue be transferred to the District of Maryland, arguing that all the Government's witnesses reside there and that all the events giving rise to the action occurred in that jurisdiction. (Doc. 10, pp. 1-2.) Plaintiff brings the current matter under the Federal Tort Claim Act, 28 U.S.C.

§ 1346(b), implicating jurisdiction based on 28 U.S.C. § 1331 (federal question) and § 1402(b) (United States as defendant). Section 1402(b) states that when a cause of action arises under 28 U.S.C. § 1346(b), venue is proper in the judicial district where the plaintiff resides or where the act or omission occurred. It is undisputed that the alleged acts that precipitated Plaintiff's injuries occurred in or around Baltimore VAMC and UMMC, both of which are medical facilities located within the District of Maryland, in or near Baltimore. Thus, this action could have been properly filed in the District of Maryland.

### B. Public and Private *Jumara* Factors

After determining that the court may transfer venue to the proposed forum, the court must then weigh the applicable public and private interest factors outlined by the Third Circuit. The court maintains the ultimate discretion in determining which factors are germane to the instant action and the weight given to each factor. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

#### 1. Private Interest Factors

Plaintiff's preferred venue is the Middle District of Pennsylvania, whereas the Government's preference is the District of Maryland. This court must consider that a plaintiff's choice of forum "is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendant['s] forum." *Mato v. Window World, Inc.*, No. 10-cv-7617, 2011 WL 710473, *4 (E.D. Pa. Feb. 28, 2011);

5

*Collins v. United States*, No. 11-cv-4450, 2012 WL 72484, *2 (E.D. Pa. Jan. 10, 2012); *Shutte*, 431 F.2d at 25. Although the events and circumstances giving rise to Plaintiff's claim occurred within the District of Maryland, while Plaintiff resides within this District, Plaintiff's choice of forum is entitled to substantial deference.

Similarly, because Plaintiff is a resident of Gardners, Pennsylvania, "the convenience of the parties as indicated by their relative physical and financial condition" also weighs heavily in favor of maintaining the action in the Middle District of Pennsylvania. The Government must overcome a substantial burden to prevail on this factor, and merely showing that Plaintiff will be inconvenienced in either forum is insufficient. *See Beberman v. U.S. Dep't. of State*, No. 14-cv-0020, 2016 U.S. Dist. LEXIS 67738 (D.V.I. May 24, 2016); *Harrison v. Fed. Bureau of Prisons*, No. 17-cv-4296, 2018 U.S. Dist. LEXIS 103646 (D.N.J. June 20, 2018) (noting the federal government's superior ability to cover costs). Plaintiff, a paraplegic needing constant care because of his inability to attend to his own needs, would presumably have less physical impediments and expend fewer resources litigating his claim closer to home. Conversely, the Government would be minimally inconvenienced by having to litigate this action in the Middle District of Pennsylvania versus the District of Maryland.

Initially, the convenience of the witnesses seem to weigh in favor of transferring this matter to the District of Maryland. The Government argues that

"[t]here are at least seven physician witnesses, all non-parties, in this case that live in Maryland" and potentially more staff with relevant information. (Doc. 11, p. 7.) The Government also submitted affidavits indicating the witnesses' names and the locations of their residences. (Doc. 11-1, pp. 1-2.) However, this factor only weighs in favor of transfer "to the extent that the witnesses may actually be unavailable for trial." *Jumara*, 55 F.3d at 879. None of the information provided by Defendant indicates that these witnesses will be unable or unwilling to attend trial. Additionally, both parties indicate that the current forum is no more than eighty miles from the general location of the party and non-party witnesses in Baltimore, Maryland. This information indicates that the parties are likely within the one-hundred-mile radius of the court's subpoena power. Fed. R. Civ. P. 45(c)(A); *see also Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 570-71 (M.D. Pa. 1999) (providing that the convenience of non-party witnesses residing more than one-hundred miles from the court weighed heavily). While the witnesses would have to travel further than the ideal commute, they will only be inconvenienced to the extent of the time of their testimony, and this is not the type of inconvenience contemplated by this *Jumara* factor.

Lastly, although the parties concede that the pertinent books and records are located within the District of Maryland, they acknowledge that technology will allow for easy transfer of these documents.

### 2. Public Interest Factors

The public interest factors also advise against transferring this action. Neither party has introduced evidence regarding the enforceability of judgment or significant statistics regarding docket congestion in the two districts at issue. As discussed *supra*, practical considerations such as cost and convenience to the parties suggest that the Middle District of Pennsylvania is the most appropriate forum for this case. In addition, although the alleged malpractice occurred in Maryland, Plaintiff resides in Pennsylvania, and each state has "a manifest interest in providing effective means of redress for its residents." *Collins*, 2012 WL 72484 at *3 (quoting *Foxworth v. United States*, No. 05-cv-1683, 2005 WL 1869460, at *3 (E.D. Pa. Aug. 4, 2005)). As to the court's familiarity with the applicable state law, the court recognizes that Maryland law would apply to Plaintiff's claims. However, "federal courts are deemed capable of applying the law of other states." *Workman v. Johnson & Johnson, Janssen, L.P.*, No. 06-cv-2523, 2007 U.S. Dist. LEXIS 46214, *4 (D.N.J. 2007).

After determining venue is proper in both the current and proposed jurisdictions and balancing the public and private factors, the court finds transfer of venue to the District of Maryland is unwarranted in this case. The Government has not met its burden by showing that the convenience of the parties is strongly in its

favor or that a transfer of venue would not simply shift the burden from one party to the other.

**IV.     Conclusion**

For the forgoing reasons, the court will deny Defendant's Motion to Transfer Venue. An appropriate order will follow.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: January 9, 2019